No. 12,607.

WILSON *v.* BARNEY.
(9 P. [2d] 1058)

Decided March 28, 1932.

Mr. CHALKLEY A. WILSON, Messrs. COEN & SAUTER, for plaintiff in error.

Messrs. JOHNSON & LEH, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

Grace Wilson sued N. Eugenia Barney for damages for breach of a covenant in a warranty deed; the court sustained a demurrer to the complaint; the plaintiff elected to stand by her complaint; and the court dismissed the action.

On March 30, 1925, the plaintiff and the defendant made a contract for the sale by the defendant and the purchase by the plaintiff of part of a city lot in Sterling. The price was $7,500, of which $500 was paid in cash, $2,000 was to be paid not later than April 15, 1925, and the final payment, $5,000, was to be paid on or before April 1, 1926. On April 15, 1925, the plaintiff was to be let into possession, provided she paid the $2,000 due on that date. Upon receipt of all the payments, the defendant was to execute and deliver to the plaintiff her warranty deed, conveying the premises, and warranting "that the same are free, clear, discharged and unincumbered of and from all * * * taxes, assessments and incumbrances, of whatever nature or kind soever." The contract provided, also, that the plaintiff should "pay all taxes or assessments becoming chargeable to or upon said premises after delivery of possession thereof."

The complaint alleges, "That under the terms and conditions of said contract the deed was executed and delivered to this plaintiff on the 6th day of February, A. D. 1926." The deed contained a covenant that the premises "are free and clear from all * * * taxes, assessments, * * * except taxes and assessments levied since April 15, 1925." The breach of the covenant is alleged in these words: "That at the time of the conveyance * * * there were outstanding against said property certain taxes and assessments levied prior to April 15, 1925. * * * That under date of May 2, 1921, the City of Sterling, by ordinance finally passed and approved on said date, created

'The Sterling Storm and Sewer District Number One,' which said Storm and Sewer District included the lands * * * conveyed to this Plaintiff. * * * That * * * on * * * the 17th day of April, A. D. 1922, by an ordinance finally passed and approved * * * on said date, there was assessed against all property included in the said district certain charges; that the lands * * * conveyed to this Plaintiff were included in said district and included in said assessment. * * * That the said sewer tax constitutes and did constitute, at the time of the conveyance, a lien, tax and assessment against the said property." Similar averments are made concerning Sterling Paving District Number Two, which included the property conveyed to the plaintiff. The paving district was created by ordinance on April 3, 1922, and the assessing ordinance was passed on December 4, 1922. It is alleged in the complaint, "That the said paving tax constitutes, and did constitute at the time of the conveyance, a lien, tax and assessment against the said property."

The ordinances are set forth as exhibits, and, by apt averments, are made a part of the complaint. In the case of each of the two districts, the assessing ordinance approved the cost of the improvements made; approved and confirmed the apportionment of the cost to each lot or tract of land in the district; assessed a share of the cost against each lot or tract; and prescribed the manner of collecting and paying such assessment. The defendant paid only those installments that were payable in 1923, 1924 and 1925. A decision of the case does not require a more extended statement of the allegations in the complaint.

The covenant was that the property was free and clear of all assessments, except assessments *levied* since April 15, 1925. The levy of the storm sewer assessment was made by the assessing ordinance of April 17, 1922, and the levy of the paving assessment was made by the assessing ordinance of December 4, 1922. As to each, there was, and of course could be, but one levy.

464

■ Section 9488, Compiled Laws, provides: "All assessments made in pursuance of this act shall be a lien in the several amounts assessed against each lot or tract of land, and shall have priority over all other liens excepting general taxes." Under sections 9490, 9491 and 9492, C. L., an assessment becomes due and payable within thirty days after the publication of the assessing ordinance. The owner, however, is given the privilege of paying in installments. Under section 9494, C. L., an owner who is not in default as to any installment may at any time pay the whole of the unpaid principal.

As the property, to the extent of the unpaid balance of the assessments, was subject to the lien of assessments levied prior to April 15, 1925, it follows that there was a breach of covenant.

■ But it is contended that the covenant was modified by these words in the contract: "* * * that said party of the second part [the plaintiff] shall pay all * * * assessments becoming chargeable to or upon said premises after delivery of possession thereof." The date of such delivery, as we have seen, was April 15, 1925. That provision in the contract does not aid the defendant. The assessments became a charge upon the property when the assessing ordinances were passed. The provision in the contract and that in the deed have practically the same meaning. Besides, if there were any conflict between the provision in the contract and that in the deed, as the latter is unambiguous and expresses the final agreement of the parties, it would control.

The judgment is reversed, and the cause is remanded.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE HILLIARD concur.